IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT

MARK STOWERS,                )
                             )
            Plaintiff,       )
                             )
vs.                          )
                             )
STATE FARM MUTUAL            )
AUTOMOBILE INSURANCE         )
COMPANY,                     )
                             )
            Defendant.       )
_____) Case No. 3AN-15-6754 CI

RECEIVED
MAY 01 2015
BARBER & BANKER, LLC

COPY
Original Received
MAY 01 2015
Clerk of the Trial Courts

## COMPLAINT

COMES NOW the plaintiff, MARK STOWERS, by and through his attorneys, BARBER & BANKER, LLC, and for his complaint against defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY does state and allege as follows:

1.  That at all times material hereto, plaintiff was and is a resident of Anchorage, Alaska or Las Vegas, Nevada.

2.  That at all times material hereto, defendant was and is an insurance company doing business in Anchorage, Alaska.

2981 / 01 Complaint
Stowers v State Farm Mutual Automobile Insurance Company
Page 1

3. On or about 9/23/10, the operator of a motor vehicle negligently collided with the plaintiff who was operating a moped in a parking lot in Las Vegas, Nevada, which was a substantial factor causing injury to the plaintiff for which the defendant is liable under his uninsured motorist (UM) bodily injury (BI) coverage.

4. The plaintiff was insured for UM BI and medical payments coverage with the defendant in 9/23/10 collision.

5. The negligent driver who struck plaintiff left the scene of the collision.

6. The plaintiff reported the collision to the police.

7. The plaintiff went to a hospital on 9/23/10 (and was reportedly seen by the doctor at 1:16 a.m. on 9/24/10).

8. The plaintiff timely reported the collision claim to the defendant.

9. The plaintiff suffered bodily injury in the 9/23/10 collision.

10. The plaintiff provided information to the defendant regarding his injury and treatment.

11. The defendant reviewed medical expenses and made payments to plaintiff's medical providers under his medical payments coverage applicable to the collision described above.

12. The 9/23/10 collision aggravated pre-existing conditions resulting in worse symptoms.

BARBER & BANKER, LLC
ATTORNEYS AT LAW
821 "N" STREET, SUITE 103
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

13. The defendant is liable for the actions and/or failure to act by its employees acting in the course and scope of their employment under theories of vicarious liability and/or agency and/or respondeat superior.

12. The defendant's employees handling the plaintiff's medical payments claim determined that the plaintiff underwent reasonable and necessary medical treatment related to the moped collision described above.

13. The plaintiff was not negligent in the 9/23/10 collision.

14. The defendant paid medical expenses under the plaintiff's medical expense coverage related to the plaintiff's moped collision.

15. The defendant denied any payment to the plaintiff under his UM BI coverage related to the moped collision at issue in this complaint.

16. The defendant denied plaintiff's UM BI claim for his moped collision based on an explanation that his injury was not related to any moped collision.

17. On 8/1/14, the plaintiff (through counsel) corrected the date of loss in previous correspondence to 9/24/10 and provided a copy of 9/24/10 hospital records describing injury on the moped occurring 'today' and treatment for neck, lower back and left hip pain.

18. In a letter dated 9/3/14, the defendant's employee acknowledged receipt

of the plaintiff's counsel's 8/1/14 correspondence and the hospital ER report provided, identified the date of loss as 9/23/10, and indicated that he was in the process of reviewing prior medical records and was not prepared to make an offer at this time.

19. As of the date of this complaint, the defendant has never offered any amount of money to the plaintiff for his UM BI claim involving the 9/23/10 moped collision.

20. The plaintiff suffered harm in the 9/23/10 moped collision.

21. The defendant never disputed that the adverse driver in the moped collision was an uninsured motorist under the terms of plaintiff's policy.

22. The defendant never disputed that an uninsured driver's negligence caused the 9/23/10 moped collision.

23. The defendant lacked a reasonable basis for denying any payment under the plaintiff's UM BI claim for his moped collision on or about 9/23/10.

24. The plaintiff is entitled to payment under his UM BI coverage for the moped collision on or about 9/23/10.

25. The defendant's employees knew or should have known that the plaintiff was entitled to some payment under his UM BI coverage for the 9/23/10 moped collision.

2857/01 Complaint
Stowers v State Farm Mutual Automobile Ins. Co.
Page 4

26. The defendant is liable for breach of contract.

27. The defendant is liable for breach of the covenant of good faith and fair dealing.

28. The defendant is liable for negligent and/or reckless adjustment of the plaintiff's UM BI claim.

29. The defendant was obligated to promptly and fairly adjust and pay the plaintiff's UM BI claim.

30. The defendant did not promptly adjust the plaintiff's UM BI claim.

31. The defendant did not fairly adjust the plaintiff's UM BI claim.

32. The defendant's conduct in handling the plaintiff's UM BI claim evidenced reckless disregard to the interests of the plaintiff and/or was outrageous.

33. The defendant is liable for punitive and/or exemplary damages.

34. The defendant sold insurance to the plaintiff to compensate him for reasonable past and future: pain and suffering, loss of enjoyment of life, physical impairment, inconvenience, medical expense, loss of earnings, loss of non-market household services, and diminished earning capacity.

35. The defendant's insurance policy requires the plaintiff file a lawsuit against the defendant if he disagrees with the defendant's adjustment of his UM BI claim.

BARBER & BANKER, LLC
ATTORNEYS AT LAW
821 "N" STREET, SUITE 103
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

WHEREFORE, having fully pled plaintiff's complaint, the plaintiff requests a judgment against the defendant for an amount greater than $100,000.00 (ONE HUNDRED THOUSAND DOLLARS) to be established by the trier of fact, plus interest, costs and attorney fees and such other relief as the court deems just.

DATED at Anchorage, Alaska this 1st day of May, 2015.

BARBER & BANKER, LLC
Attorneys for Plaintiff

By: _____
for  JEFF BARBER
AK Bar #0111058
AK Bar #1205041

BARBER & BANKER, LLC
ATTORNEYS AT LAW
821 "N" STREET, SUITE 103
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

2857/01 Complaint
Stowers v State Farm Mutual Automobile Ins. Co.
Page 6