UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| Mark Stowers, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 3:15-cv-00088 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| State Farm Mutual Automobile Insurance Company, | ) ) ) | [Re: Motions at dockets 11 and 12] |
| | ) | |
| Defendant. | ) ) | |

## I. MOTIONS PRESENTED

At docket 11, defendant State Farm Mutual Automobile Insurance Company ("State Farm") moves for a protective order foreclosing discovery on the bad faith claim pled by plaintiff Mark Stowers ("Stowers"). Stowers responds at docket 19, and State Farm replies at docket 27. State Farm's interrelated motion to sever and stay the bad faith claim is at docket 12. Stowers' response is at docket 16. State Farm's reply is at docket 26. Oral argument was not requested, and it would not assist the court.

## II. BACKGROUND

This lawsuit arises out of a collision between an automobile and the moped Stowers was riding on or about September 23, 2010.[1] The collision took place in Las

---

[1] Plaintiff alleges in his complaint that the accident happened on September 23, but State Farm's motion papers indicate the date was September 1, 2010.

Vegas, Nevada. Stowers was treated at a hospital following the collision. The driver of the automobile fled the scene and is unknown. Stowers was insured by State Farm at the time of the accident. His policy included uninsured/underinsured motorist ("UM") coverage, as well as medical payments coverage.

Following the accident, Stowers reported the accident to State Farm. Stowers' incurred medical expenses as a result of the accident. He also claims that the accident aggravated pre-existing medical conditions. It appears that State Farm paid Stowers' medical bills pursuant to the medical payments coverage, but has not paid anything under the UM coverage for Stowers' alleged injuries.

Stowers sued State Farm in Superior Court advancing claims for breach of the insurance contract, breach of the covenant of good faith and fair dealing, and failure to properly adjust the UM claim. Stowers seeks both compensatory and punitive damages. State Farm removed the lawsuit to this court, which exercises jurisdiction pursuant to 28 U.S.C. § 1332.

### III. DISCUSSION

Rule 21 authorizes the trial court to sever a claim made against a party. In addition, Rule 42(b) says: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues [or claims]. When ordering a separate trial, the court must preserve any federal right to a jury trial."

The parties hold opposing views of how this case should proceed. To State Farm it is clear that the bad faith claim should be severed from a straightforward claim for payment of UM benefits. It contends that severance is needed to avoid prejudicing

State Farm at trial through introduction of evidence that might cause the jury to resolve the UM benefits claim based on sympathy related to Stowers' bad faith contentions. State Farm also argues that discovery on the bad faith claim would be more cumbersome and expensive than the discovery required to resolve the UM benefits claim. Stowers argues that severing the claims would lengthen the time and increase the cost required to resolve all the claims, thereby prejudicing his interest in a prompt resolution of all his claims.

State Farm's approach could require two entirely separate trials. Bad faith discovery would not begin until after resolution of the UM benefits claim, so it would be impossible to have the same jury resolve all the claims. On the other hand, the result preferred by Stowers risks resolution of the UM benefits claim on improper grounds.

There is no direct guidance available from the Ninth Circuit. State Farm and Stowers cite non-precedential cases favoring their respective positions. It appears to this court that the most balanced resolution, and the one most consistent with the command of Rule 1 to construe and apply the civil rules "to secure the just, speedy, and inexpensive determination of every action and proceeding" is the following: Discovery on the bad faith claims will proceed at the same time as discovery on the UM benefits claim. At trial on the UM benefits claim, none of the bad faith evidence will be admitted. After resolution of the UM benefits claim, if the bad faith claim remains viable, it will then be tried to the same jury which heard and decided the UM benefits claim.

## IV. CONCLUSION

For the reasons above, the motion for a protective order at docket 11 is DENIED, and the motion to sever and stay at docket 12 is GRANTED in part and DENIED in part consistent with the discussion above.

DATED this 10th day of September 2015.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE